Strafford,
No. 4840.

WILLIAM BROWN

*v.*

BENJAMIN GOTTESMAN
AND RAYMOND JOBIN.

Argued September 7, 1960.

Decided October 28, 1960.

*Fuller, Flynn & Riordan, Alfred Catalfo, Jr.* and *John C. Driscoll* (*Mr. Flynn* orally), for the plaintiff.

*Devine, Millimet & McDonough* (*Mr. Shane Devine* orally), for defendant Jobin.

*Burns, Bryant & Hinchey* (*Mr. Hinchey* orally), for defendant Gottesman.

WHEELER, J. Both defendants contend that the plaintiff was guilty of contributory negligence as a matter of law. In passing on the defendants' motions for nonsuits and directed verdicts the evidence must be considered most favorable to the plaintiff. *Scahill* v. *Jabre*, 101 N. H. 263, 265. Prior to the accident Gottesman traveling south on Central Avenue had made a left turn easterly onto Washington Street. Jobin was proceeding easterly on said street. Brown who had been traveling north on Central Avenue made a right turn easterly onto Washington Street.

It could be found that Gottesman who had entered Washington Street on its north side started directly across without signaling intending to park on its south side. In so doing he pulled in front of the Jobin car and stopped his vehicle suddenly in the center of the street setting up a chain of events resulting in the Jobin car striking his car broadside and the Brown car striking the rear of Jobin's car which had been "set over" into his lane.

It could also be found that but for the unreasonable speed at which the Jobin car was proceeding it would not have collided with the Gottesman car with the resulting "setting over" of the Jobin car into plaintiff's path.

As for plaintiff Brown, it could be found that he was proceeding on the south side of Washington Street when the Gottesman car cut across from the north toward the south side of said street. Also that because it was traveling at an excessive rate of speed the

Jobin car struck the Gottesman car and in so doing the rear end of the Jobin car was thrown into the lane in which Brown was traveling. Brown stepped on his brakes, swung to his right but could not avoid hitting the rear of Jobin's car.

On this evidence the jury could find Gottesman and Jobin guilty of causal negligence and Brown free from the same. The plaintiff Brown had a right to assume the drivers of vehicles in front of him would exercise due care. *Baker* v. *Salvation Army*, 91 N. H. 1, 3. If the conduct of the plaintiff "admits of any reasonable and nonculpable explanation, the question of his due care is for the jury." *Doyle* v. *Company*, 93 N. H. 61, 62. In these circumstances, the question of the plaintiff's contributory negligence was properly submitted to the jury. The defendants' exceptions to the denial of their motions for nonsuits and directed verdicts are overruled.

During the course of argument, plaintiff's counsel stated to the jury, "Now there has been a lot made of the fact by my brothers when they argued to you here, the attorneys — and I am going to classify both Mr. Devine and Mr. Hinchey as attorneys for both defendants, they have been working together here . . . " and "Don't you think, Mr. Foreman and gentlemen, that it isn't being quite candid with you to come in here some years after the accident took place and try to change stories. I argue to you, Mr. Foreman and gentlemen, from the testimony you have heard in this case that Mr. Gottesman and Mr. Jobin have gotten together and they have come down in here and tried to change their stories." In each instance defendants' objections were sustained and the jury were directed by the Court " . . . to strike it from your minds . . . " and " . . . disregard and pay no attention to it in deciding the issues in this case." Both counsel moved for a mistrial, which was denied subject to their exceptions.

Plaintiff's counsel contends that the argument was proper and a fair inference from the evidence. During the course of the trial, the testimony of both defendants varied from the versions of the accident given in their respective accident reports made shortly after the accident. The defendant Gottesman's counsel argued to the jury that "the story he [Jobin] told jibes pretty well . . . with the story told by Mr. Gottesman."

Plaintiff's counsel by his argument was seeking to answer the defendants' argument by drawing the inference that because of the change or variance in their testimony at the time of trial as

compared with the accounts which they gave shortly after the accident, they had collaborated to the extent of having their respective versions of the accident "jibe." The Court on two occasions told the jury to strike it from their minds and pay no attention to it. If plaintiff's argument was subject to impermissible inferences, the Trial Court by denying the motions for a mistrial and in later denying the motions to set aside the verdict, has impliedly found the trial was fair and we cannot in the circumstances say that these rulings were erroneous. *Leonard* v. *Manchester*, 96 N. H. 115, 121.

Defendant Jobin excepted to the Court's instruction to the jury as requested by the plaintiff that they should consider the provisions of RSA 263:34, which provides: "TURNING MOVEMENTS AND REQUIRED SIGNALS. No person shall turn a vehicle at an intersection or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a highway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement. A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning. No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal."

They were further instructed to consider all the evidence and to determine whether there was a violation and if so, whether such violation caused or contributed to cause the accident. Defendant Gottesman made no attempt to warn Jobin that he was about to cross in front of him, although he observed Jobin approaching from his rear some seventy-five feet away. There was evidence that Jobin stopped suddenly. This factual situation served to create issues for the jury as to whether the defendants had violated the statute and whether such violation was causal. *Fontaine* v. *Charas*, 87 N. H. 424, 426; *Sullivan* v. *LeBlanc*, 100 N. H. 311.

Defendant Gottesman excepted to the denial of his request that the Court instruct the jury to the effect that if the evidence was "evenly distributed" between the parties, their verdict must be for the defendant. The Court is not bound to give instructions in the

precise language requested so long as the instructions given embody the law applicable to the case. *Cyr* v. *Sanborn,* 101 N. H. 245. The instruction which the Trial Court gave on the burden of proof satisfied this requirement. An examination of the charge as a whole indicates that the Court fully instructed the jury as to all general principles applicable to the case. *O'Brien* v. *Public Service Co.,* 95 N. H. 79.

Other exceptions taken by the parties have not been briefed or argued and are therefore considered waived.

*Judgment on the verdict.*

All concurred.